*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

NORMA A. MATTICE REVOCABLE TRUST, by
CAROL LAND, Successor Trustee,

        Plaintiff-Appellee,

v

WILLIAM MATTICE,

        Defendant-Appellant.

UNPUBLISHED
January 13, 2022

No. 355286
Sanilac Circuit Court
LC No. 18-037889-CH

---

Before: BOONSTRA, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted on April 15, 2021, the trial court's order entered August 7, 2020 granting summary disposition in favor of plaintiff in this action to quiet title.[1] However, subsequent to our order granting leave to appeal, we learned from plaintiff that this case actually became moot. Defendant conveyed the property at issue to a third party on May 18, 2020, and on March 23, 2021, a default judgment to quiet title was entered in favor of plaintiff in another legal proceeding against that third party regarding the same real property at issue in this action: 7672 Schroeder, Lexington, MI 48450. But defendant neither apprised this Court of these relevant developments nor did defendant dismiss this appeal. We, therefore, dismiss this case as moot. Plaintiff is entitled to costs as set forth in MCR 7.219(A).

## I. FACTS AND PROCEDURAL BACKGROUND

This case arises from a property dispute between plaintiff and defendant, two of Norma A. Mattice's adult children. In 2006, Norma executed a trust agreement, creating the Norma A. Mattice Revocable Trust, which was prepared by her attorney, Robert Barnes. The trust appointed defendant as the successor trustee and Alan Mattice, another of Norma's sons, as the alternate successor trustee. The trust left Norma's house—located at 7672 Schroeder, Lexington, MI

---

[1] *Norma A Mattice Revocable Trust v Mattice*, unpublished order of the Court of Appeals, entered on April 15, 2021 (Docket No. 355286).

48450—to defendant and the trust residue was to be distributed equally to Norma's children, i.e., defendant, Alan Mattice, Dennis Mattice, Carol Land, and the surviving heirs of predeceased son, Robert Mattice. To fund the trust, Norma executed a quit claim deed, conveying her house to the trust. Norma also executed a financial DPOA, appointing defendant as her attorney-in-fact, and Alan Mattice as the alternate attorney-in-fact.

In 2009, Norma went to Barnes's office to update her trust. Norma requested the trust be amended to appoint plaintiff as the successor trustee and defendant as the alternate successor trustee. Barnes concluded that Norma was competent, and free of duress or undue influence, to execute an amended trust. The amended trust eliminated the specific gift of Norma's house to defendant, but restated the equal distribution of the trust residue to Norma's children and heirs of Robert Mattice. Norma also executed a revised financial DPOA, changing her attorney-in-fact to defendant and plaintiff jointly and singly.

In October 2010, Norma's health deteriorated, requiring her to be admitted to a nursing care facility. To qualify for Medicaid benefits, it was determined that Norma's house needed to be transferred from her trust and to her name individually. Plaintiff presented Barnes with two physicians' reports, concluding Norma was no longer mentally competent in accordance with the trust's succession of trustee provision, and allowing plaintiff to act as Norma's trustee. As a result, plaintiff executed a quit claim deed, which was prepared by Barnes, conveying the house to Norma for her lifetime with the power to dispose of it during her lifetime. If Norma did not dispose of the house during her lifetime, the house would belong to the trust on her death.

In April 2012, defendant contacted Barnes, asking him to prepare another quit claim deed for Norma's house "so that he wasn't dealing with his sister." At the time, Barnes did not recall Norma's 2009 amended trust, eliminating the specific gift of her house to defendant. As a result, defendant, as Norma's attorney-in-fact, executed a subsequent quit claim deed, keeping Norma's house in her name and conveying the house to defendant on Norma's death. In July 2018, Norma passed away and plaintiff discovered defendant's 2012 deed.

In September of 2018, plaintiff filed this action against defendant, alleging defendant violated his fiduciary duty to not engage in self-dealing by conveying the house to himself in the 2012 deed. Defendant denied the allegation. Apparently unbeknownst to plaintiff and while this action was pending in the trial court, on May 18, 2020, defendant executed a quit claim deed conveying Norma's house—located at 7672 Schroeder, Lexington, MI 48450—to Tracy M. Kritzman.

In June of 2020, plaintiff moved for summary disposition under MCR 2.116(C)(10), arguing that there was no question defendant breached his fiduciary duty when he used his power under the financial DPOA to convey Norma's house to himself. Plaintiff asserted there was no genuine issue of material fact that defendant violated his common-law duty to effectively disclose the conveyance to Norma before executing the 2012 deed and obtain Norma's consent. Plaintiff also asserted there was no statutory exception that excused defendant's breach of his fiduciary duty under MCL 700.1214. Further, plaintiff argued the financial DPOA prohibited the attorney-in-fact from doing anything that would revoke or amend Norma's trust, which defendant did by removing Norma's house from the trust residue and conveying it to himself.

In response to plaintiff's motion, defendant argued that MCL 700.5501 allowed him to make a gift of Norma's assets under the financial DPOA. Defendant argued that the 2010 deed essentially defunded Norma's trust and reinforced Norma's intent to dispose of her house using alternative methods. Defendant also asserted there was a question of fact as to whether Norma was mentally incapacitated at the time the 2012 deed was executed.

The trial court granted plaintiff's motion for summary disposition, finding there was "no question" defendant received real estate that Norma intended to be distributed to the beneficiaries identified in her trust. The trial court concluded that the only question was whether Norma "consented to the transaction after full disclosure of the details" of the 2012 deed. Because defendant admitted at his deposition that Norma was incompetent when he executed the 2012 deed, the trial court held that Norma could not have consented. Therefore, the trial court entered an order on August 7, 2020 granting plaintiff's motion for summary disposition, quieting title to Norma's house in favor of plaintiff, and barring any and all claims of defendant as well as persons or entities claiming by or through him.

In a separate action, lower court number 20-38957-CH, and while this appeal was pending, the trial court entered a default judgment against Kritzman on March 23, 2021, quieting title to Norma's house—located at 7672 Schroeder, Lexington, MI 48450—in plaintiff's favor.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred in granting plaintiff's motion for summary disposition, finding defendant breached his fiduciary duty by conveying Norma's house to himself. Plaintiff responds that this case is moot and should be dismissed. We agree. Defendant fails to address the fact that the issue raised in this appeal is moot because defendant conveyed any interest he had in the house to Kritzman before plaintiff moved for summary disposition, and subsequently, a default judgment to quiet title was entered in favor of plaintiff in a separate legal proceeding against Kritzman with regard to the same property. In other words, even if defendant's argument had merit, he would not be entitled to any relief because after conveying Norma's house to himself, he conveyed the house to Kritzman. And the relief sought by plaintiff in this quiet title action against defendant—that Norma's house be returned to the trust—was obtained by plaintiff, albeit in a separate legal proceeding against Kritzman. In general, this Court will not decide moot issues. *Ryan v Ryan*, 260 Mich App 315, 330; 677 NW2d 899 (2004). "A case is moot when it presents only abstract questions of law that do not rest upon existing facts or rights." *Id*. (quotation marks and citation omitted). An issue is "moot when an event occurs that renders it impossible for the reviewing court to grant relief." *CD Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 406; 834 NW2d 878 (2013).

We are cognizant that our review is generally limited to the record established in the trial court and may not be expanded on appeal. *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). However, plaintiff has submitted relevant documents with her brief on appeal which demonstrate that this case is moot—which are uncontested by defendant—and warrant the exercise of our discretion to expand the record under MCR 7.216(A)(4). It is well established that the doctrine of mootness is jurisdictional in nature and may be raised at any time. *Mich Chiropractic Council v Comm'r of Office of Fin & Ins Servs*, 475 Mich 363, 371; 716 NW2d 561 (2006), overruled on other grounds by *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich

349, 352-353, 371 n 18; 792 NW2d 686 (2010). "Mootness precludes the adjudication of a claim where the actual controversy no longer exists, such as where the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 371 n 15 (internal quotation marks and citations omitted). The mootness doctrine applies under the circumstances of this case. And, "[a]s a rule, this Court will, on its own motion, decline to consider cases that it does not have the power to determine, including those that are moot." *In re MCI Telecom Complaint*, 460 Mich 396, 435-436 n 13; 596 NW2d 164 (1999). Therefore, we decline to address the merits of defendant's argument on appeal and dismiss this case as moot.

Dismissed as moot. Plaintiff is entitled to tax costs. See MCR 7.219(A).


/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan